Argued January 18; reversed February 6, 1934

LOGAN *v.* EQUITABLE TRUST CO. ET AL.

(29 P. (2d) 511)

*James G. Wilson,* of Portland (Wilson & Reilly, Geo. B. Guthrie, and John W. Reynolds, all of Portland, on the brief), for appellants.

*Marvin K. Holland,* of Portland, for respondent.

BEAN, J. Plaintiff claims the trustee is liable personally for damages and that he is not looking to any security in this proceeding; that the trustee did not, in fairness, have the property back of the second and third mortgages appraised, but conspired with Coe A. McKenna & Company and Coe A. McKenna himself, in the appraisement, and made it too high; that there was never any equity in the real property forming the basis

of the security over and above prior mortgages and liens; that the appraised value at the date of the issuance of the bonds and as of the date of default in payments was $152,200 for all the realty back of the inferior mortgages taken by the trustee as purported security; that the mortgages issued were not to amount to more than 80 per cent of the value, or $122,160; that all the mortgages except one were second and inferior; that the prior mortgages and liens on the realty as of the dates the bonds were certified and sold were $122,645, so that the prior liens amount to more than 80 per cent of the value of the property. Besides this plaintiff claims the trustee gave up some security and turned it back to Coe A. McKenna and took in its stead property of less value and worthless security, and the trustee continued to certify bonds after it knew Coe A. McKenna was in default; that the trustee cooperated with Coe A. McKenna and knew there was no security back of his issue; that this amounts in law to a fraud upon plaintiff as an investor in the bonds in the amount of $10,900. The plaintiff is asking that the trustee personally pay his loss.

It is not intended that the description of the transactions involved herein should be considered as a finding but merely as a description, as the case has not been finally tried upon its merits.

It is shown by the testimony that the receiver has about $5,000 in cash and three pieces of real estate of the value of about $2,500 and other real estate contracts and mortgages which are of little value.

Defendant Equitable Trust Company contends that equity's jurisdiction to prevent a multiplicity of suits or actions is applicable to the case at bar, it appearing that numerous bondholders are similarly situated and entitled to participate pro rata in any damage growing

out of the negligent or other maladministration of the trust involved, and further, that equity has concurrent jurisdiction to discipline an unfaithful trustee and can properly superintend and administer the trust and impose a penalty in a proper case.

Section 6-102, Oregon Code 1930, provides, in part, that in an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may set up such matter by answer, without the necessity of filing a complaint on the equity side of the court, and the plaintiff may, by reply, set up equitable matter, not inconsistent with the complaint, and constituting a defense to new matter in the answer. Said reply may be filed to an answer containing either legal or equitable defenses. The parties shall have the same rights in such case as if an original bill embodying the defense or seeking the relief prayed for in such answer or reply had been filed. Equitable relief respecting the subject matter of the suit may thus be obtained by answer, and equitable defenses to new matter contained in the answer may thus be asserted by reply. When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree, or such equitable relief as is proper may be given to either party.

The question for determination here is whether all of the matters to which reference has been made should be determined in a suit in equity or whether the action at law for damages should be allowed to proceed.

The trend of authorities is to the effect that there must be at least some well-recognized ground of equitable interference, or some community of interest in the subject-matter of the controversy, or a common right or title on which all the separate claims and questions at issue depend, or there must be some common purpose in pursuit of a common adversary where each may resort to equity in order to invoke its aid to adjudicate in one suit the right of numerous different parties whose claims are separate and distinct; and the mere fact that their separate rights will require the application of the same principle of law, and that their rights originally sprang from the same source is not sufficient. 10 R. C. L. 284, § 29. To constitute a community of interest in the subject-matter there must be a right enjoyed in common by several persons, and in such a manner that the invasion of the right of one will constitute an invasion of the right of all. 10 R. C. L. 287, § 30.

The possible conditions in which the doctrine of the prevention of a multiplicity of suits may apply are grouped in 1 Pomeroy on Equity Jurisprudence (4th Ed.) § 245, in four classes, the third of which is as follows:

"Where a number of persons have separate and individual claims and rights of action against the same party, A, but all arise from some common cause, are governed by the same legal rule, and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as co-plaintiffs, or one of the persons suing on behalf of the others, or even by one person suing for himself alone."

The fourth class treats of the right of a claimee to compel by injunction or other appropriate order the joinder of numerous claims in a single suit in equity.

In the present case, in addition to the community, of interest of all of the bondholders in the trust *res*, we have a trust and the management thereof, and it is alleged that the management of the trust was fraudulent. It is stated in 10 R. C. L. 288, § 32, in effect, that with cases of fraud or trust, when properly before it, a court of equity can ordinarily deal more completely than can a court of law. Accordingly, where such questions are involved, a court of equity is never closed to a person unless the remedy at law is complete and will secure to him the whole right involved in a manner as just and perfect as would be attained in a suit in equity.

In this case the plaintiff and the other bondholders may have a remedy at law, but it is not as adequate and the rights cannot be determined as completely as they can be adjusted in a suit in equity.

It is stated in 10 R. C. L. 349, § 99, as follows:

"Courts of equity have always claimed and exercised exclusive jurisdiction in cases of trusts and over the conduct of those appointed to execute them. This has never been disputed ground. No other tribunal can so properly direct the manner of executing them, or inquire into and correct abuses where there has been, or is likely to be, a mismanagement by the trustees. An element of trust then may be said always to confer jurisdiction in equity. * * *." See Perry on Trusts (7th Ed.) §§ 843-848.

In *Van Auken v. Dammeier*, 27 Or. 150, 155 (40 P. 89), equitable jurisdiction was declined for the reason, as stated: "There is no community of interest among them (plaintiffs) either in the subject-matter of the suit, or in the relief sought."

In *Warren Bros. Co. v. Kibbe*, 43 Fed. (2d) 582, where there was a number of separate paving con-

tracts involving Warren Brothers patented pavement, and royalties based thereon, Judge Bean, as shown at page 584, said:

"It is next claimed that the plaintiff's remedy is by separate actions at law against the several contractors, but the general rule is that in order to prevent multiplicity of suits a court of equity may exercise jurisdiction on behalf of a single party against a numerous body of separate claimants, although there is no common title or interest in the subject-matter among those individuals, but where there is merely a community of interest among them on questions of law and facts involved in a general controversy, or in the kind and form of relief demanded and obtained by or against it. Nor is it necessary that all the parties should have an interest in all the matters involved in the suit. It will be sufficient if each party has an interest in some material matter, and they are connected with the others."

Each case must be decided upon its own merits, the factors to be considered being the real and substantial convenience of all parties, the adequacy of the legal remedy, the situation of the different parties, the points to be contested, and the result which would follow if equitable jurisdiction should be assumed or denied, and particularly the constitutional right of a party to trial by jury. The fact that a multiplicity of suits may be prevented is a persuasive argument in favor of equitable jurisdiction. In order to justify the interference of equity it must appear that such action will promote justice and that all the rights involved can be as well protected in the equity suit as in the separate action. 21 C. J. 72, § 48.

It is declared in 21 C. J. 81, § 51:

"It is impossible to reconcile and harmonize all the decisions even where they proceed upon the same assumption of fundamental principles. The rule which most nearly approaches that result is that the bill must relate to matters of the same nature and having a con-

nection with each other, and in which all the parties are more or less concerned, although their rights in respect to the general subject of the case may be distinct. The matter is one within the sound discretion of the chancellor, to be exercised with a view to the substantial convenience and rights of all parties, which, it may be remarked, is the rule governing the question of multifariousness.''

See also *Paulson v. City of Portland,* 16 Or. 450 (19 P. 450, 1 L. R. A. 673) ; *Warren Bros. v. Kibbe,* supra; *Smith v. Bank of New England,* 69 N. H. 254 (45 Atl. 1082) ; *Kellogg v. Chenango Valley Sav. Bank,* 11 App. Div. 458 (42 N. Y. S. 379); *National Park Bank v. Goddard,* 131 N. Y. 494 (30 N. E. 566); *Osborne v. Wis. Cent. R. Co.,* 43 Fed. 824.

In *Tribette v. Ill. Cent. R. R.,* 70 Miss. 182, 12 So. 32, 196 L. R. A. 660, 35 Am. St. Rep. 642), in which the opinion sounds a note not in harmony with all of the rules enunciated in Pomeroy's Equity Jurisprudence and which is the leading case for the restricted doctrine, the court said:

''Where each of several may proceed or be proceeded against in equity, their joinder as plaintiffs or defendants in one suit is not objectionable;  *  *  * Where each of several parties may proceed in equity separately, they are permitted to unite, and make common cause against a common adversary, and one may implead in one suit in equity many who are his adversaries, in a matter common to all in many cases, *  *  * ''

The more restricted doctrine is that equitable jurisdiction extends only to prevent numerous suits where already an independent right in equity exists; that is, equity may have concurrent jurisdiction of the case with the law courts, either of which might be chosen by the claimant. If there is a number of such claimants similarly situated, whose claims grow out

of the identical transaction, then either the claimants or the claimee may have the matter brought into one suit in equity, invoking injunction, consolidation or any appropriate or available rule to bring it about and thereupon proceed to hear and determine the entire matter.

In *Smith v. Bank of New England,* supra, which we think is a case particularly in point, the court said:

"The bill is not multifarious, nor would it be if all the holders of certificates were in fact made parties to it either as plaintiffs or defendants. They are all equally and directly interested in the disposition of any trust funds now held by the defendants, and in any damages that may be awarded against them for a breach of the trust. All the matters in controversy relate exclusively to the alleged conduct and misconduct of the defendants as trustees. It not only appears that by the joinder of all others of like interest with the plaintiff the defendants will not be embarrassed or subjected to any expense or inconvenience in making their defense, nor that any injustice will be done them, but that the matters in dispute can be more conveniently, economically, and expeditiously adjusted in one suit."

■ In the present case the receiver of the insolvent trust company, who is endeavoring to marshal assets and liquidate the affairs of the Equitable Trust Company in accordance with the deed of trust under the direction and supervision of the District Court of the United States for the District of Oregon, ought not to be subjected to more than one suit, when the interests and rights of all the bondholders of the Coe A. McKenna & Company bonds can be determined and settled equitably in one suit and the conduct of the trustee may be considered and damages awarded for a breach, if any, of the trust in accord with the circumstances of the case and the rights of all parties concerned.

The answer of the defendant company and its receiver, which stands in lieu of an original bill in equity, relates to matters of the same nature which are connected, namely, the bonds issued under the provisions of the deed of trust in which all of the bondholders are concerned. All of them have a community of interest in the trust funds and assets pledged as security for the bonds.

In addition, there is involved the administration of a trust, which it is alleged has been fraudulently managed. We think that a court of equity has ample jurisdiction to determine and adjust all of the matters between all of the interested bondholders and the trustee acting by its receiver.

The plaintiff alleges and contends that his action is for damages as the result of the negligent disregard of the defendant trust company of its duties as trustee of the bond issue, and that no trust property is sought, but plaintiff demands that the trust company pay plaintiff from its own funds the damages sustained. However, it is not shown or suggested that the trust company has any other funds available to satisfy plaintiff's demand other than the trust fund in which all of the other bondholders are interested. Plaintiff has sued the receiver, who is liquidating the affairs of this trust.

We will not undertake to reconcile or discuss all of the authorities cited by the learned counsel for plaintiff.

The decree of the circuit court should be reversed and the cause remanded with directions to determine the rights of all the parties interested in the suit in equity, either in the present suit or by joining all of the parties who may desire to be joined in the case of *Barber v. Equitable Trust Company.* It is so ordered.