Argued April 1; decided April 29, 1895.

## VAN AUKEN v. DAMMEIER.

[40 Pac. 89.]

1. RIGHT TO APPEAL— ABANDONED APPEAL.—Where the sureties on an appeal bond are excepted to, the appellant may abandon the appeal thus attempted, and take a new appeal at any time before the time for so doing has expired. Until an appeal is perfected, it may be abandoned, and a new appeal taken: *Holladay* v. *Elliott*, 7 Or. 483, approved and followed.

2. JURISDICTION OF EQUITY — ADEQUATE REMEDY AT LAW — MULTIPLICITY OF SUITS.— Equity will not, on the ground of preventing a multiplicity of suits, exercise jurisdiction over a joint suit by several plaintiffs whose rights are purely legal and entirely distinct, and each one of whom claims a separate judgment, the granting or refusing of which does not depend upon the rights of his coplaintiffs. In such a case the legal remedies are quite adequate, and the plaintiffs have not been subjected to vexatious litigation.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit in equity in which twelve persons join as plaintiffs against Dammeier and Coulter to recover on an alleged contract by which the defendants agreed to assume and pay to each plaintiff the amount of money advanced by him for the purpose of developing and prospecting a certain mine, under the following circumstances, as alleged in the complaint: On the fourteenth of October, eighteen hundred and eighty-nine, one J. H. Fisk, who had an option to purchase the "Great Blue Gravel Mine," in the State of Washington, divided such option into twenty shares of one thousand dollars each, and sold to the plaintiffs Paquet and Smith, jointly, one share; to plaintiffs Buchtel and Mall, one share; to plaintiff H. Van Auken, one share; to plaintiffs M. M. Hunter, T. De-Boest, and Charles Clark, jointly, one share; to plaintiff

E. House, one half of one share; to plaintiff W. H. Robertson, two shares; to plaintiff J. Surman, one share; and also to J. H. Dammeier one share, and to Samuel Coulter one share. At the time of this contract the respective shareholders mutually agreed among themselves, and with Fisk, that they would immediately pay ten per cent. of the purchase price of each share, for the purpose of developing the mine with a view of ascertaining if the same was a good paying mine of gold and silver, and, if it should prove satisfactory, that they would pay the remainder thereof as follows: Four hundred dollars when notified to do so, and five hundred dollars within ninety days thereafter. In pursuance of this agreement, the respective parties paid Fisk ten per cent. of the contract price of each share held by them, and the sums of money so contributed were used by Fisk in developing the mine. Subsequently, and before the four-hundred-dollar payment became due, defendants Dammeier and Coulter, being desirous of purchasing the mine, proposed to plaintiffs that if they would assign to them their several interests in the option to purchase, they would refund and pay the amount of money already advanced,—that is, to Paquet and Smith, the sum of one hundred dollars; to Buchtel and Mall, one hundred dollars; to Van Auken, one hundred dollars; to W. B. Welch, one hundred dollars; to Henry, DeBoest, and Clark, jointly, one hundred dollars; to E. House, fifty dollars; and to W. H. Robertson, one hundred and fifty dollars. This proposition was accepted, and plaintiffs transferred to defendants their several interests in the mine, and defendants subsequently purchased and became the owners thereof, but have failed, neglected, and refused to pay plaintiffs the several sums as aforesaid, or any portion thereof. The complaint then asks for judgment against the defendants, in favor of the

individual plaintiffs, for the several amounts advanced and paid by them.

To this complaint the defendants demurred for want of jurisdiction, and because it does not state facts sufficient to constitute a cause of suit; and, upon the demurrer being overruled, they answered denying the allegations of the complaint, and alleging affirmatively that plaintiffs and each of them have a plain, speedy, and adequate remedy by action at law to recover the amounts alleged and claimed in the complaint to be due from the defendants herein, and that the several causes of action set out in the complaint are not within the jurisdiction of a court of equity. After the evidence had been taken the defendants again raised the same question by a motion to dismiss on the ground that the complaint states facts showing a cause of action at law only, and that a court of equity has no jurisdiction over the same, nor right to try the questions involved. This motion was overruled, and a trial had, resulting in a judgment in favor of the plaintiffs separately for the respective amounts advanced by them to Fisk, from which the defendants appeal.

REVERSED.

For appellants there was a brief by *Messrs. Watson, Beekman and Watson,* and *Geo. W. P. Joseph,* and an oral argument by *Mr. Edward B. Watson.*

The want of equitable jurisdiction is clear on the face of the complaint, and fatal to the decree. It sets up several distinct promises to pay money, and alleges: "That plaintiffs bring this suit in equity in order to avoid a multiplicty of suits." Now the authorities cited show that the doctrine of equitable jurisdiction to prevent a multiplicity of suits does not apply to the case stated in the complaint. The mere fact of separate indebtedness to more than one person, cannot give creditors a right to

enforce their claims in equity.  The complaint states several contracts, between one or more of the plaintiffs severally, and the defendants jointly, for the payment of a definite sum of money upon a distinct consideration, and asks for several money judgments.  It contains neither ground nor prayer for equitable relief; and the decree itself is for the recovery of money and costs only. Defendants were entitled to a jury trial as a constitutional right: Constitution, Art. I, § 17; *Phipps* v. *Kelly,* 12 Or. 213, 215, 216; 1 Pomeroy's Equity Jurisprudence (2d ed.), § 178.

The prevention of a multiplicity of suits or actions upon distinct contracts, by different parties, is not in itself a ground of equitable jurisdiction: 1 Pomeroy's Equity Jurisprudence (2d ed.), § 245; *Schulenberg-Bueckeler Lumber Company* v. *Town of Hayward,* 20 Fed. 422–425; *Dodd* v. *City of Hartford,* 25 Conn. 232; *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654); *Barnes* v. *City of Beloit,* 19 Wis. 93; and the party invoking the equitable jurisdiction to prevent a multiplicity of suits, must show that it is necessary for his own protection.  He must be under the necessity of prosecuting or defending more than one suit or action, based upon the right or interest involved, to entitle him to the intervention of a court of equity.  He cannot get into equity upon the equitable rights of the opposite party, who may prefer to make his defense at law: 1 Pomeroy's Equity Jurisprudence (2d ed.), § 251.

For respondents there was a brief by *Messrs. Hume and Hall,* and an oral argument by *Mr. John H. Hall.*

The court of equity has jurisdiction of a case, where a suit is brought by numerous persons to establish their separate claims against a single party, where these claims although separate all arise from a common title, and there

is a common interest or common right in the subject matter, and where one decree can effectually render relief to all the parties plaintiff upon the theory that courts of equity have jurisdiction in such cases in order to avoid a multiplicity of suits: Pomeroy's Equity (2d ed.), §§ 273, 274, 255, 256, 263, 269; *Osborne* v. *Wisconsin Central Railway Company,* 43 Fed. 824.

Opinion by MR. CHIEF JUSTICE BEAN.

1. The plaintiffs move to dismiss the appeal for the reason that on August seventh, eighteen hundred and ninety-four, defendants served a notice of appeal, and on the fourteenth day of the same month filed an undertaking with one Coulter as surety. Within the time allowed by law the plaintiffs excepted to the sufficiency of the surety, and the defendants, instead of producing him for justification, abandoned the attempted appeal, and served a new notice and gave a new undertaking before the time for an appeal had expired. These facts bring the case squarely within *Holladay* v. *Elliott,* 7 Or. 483, in which it was held that an appellant may abandon an attempted appeal when he deems his notice imperfect, or when it is inconvenient or impossible for the surety to justify, in case of an exception to his sufficiency, and may give a new notice and undertaking at any time within the period limited by law for taking appeals. An appeal is not perfected until the time in which to except to the sufficiency of the surety has expired, or from the justification thereof, if excepted to, and until perfected it may be abandoned and a new appeal taken. It follows that the motion to dismiss the appeal must be overruled.

2. On the merits, the contention for the defendants is that from the facts set out in the complaint it appears that plaintiffs have a plain, speedy, and adequate remedy in an

ordinary action at law, and consequently a court of equity
has no jurisdiction of this controversy; while plaintiffs
seek to sustain the jurisdiction on the familiar doctrine
that a court of equity will exercise jurisdiction to pre-
vent a multiplicity of suits.   We do not think the doc-
trine applicable to this case.   The rights of the plaintiffs,
as against the defendants, are purely legal, and wholly
separate and distinct.   There is no community of interest
among them, either in the subject matter of the suit, or
in the relief sought.   Each plaintiff is demanding a sep-
arate judgment against the defendants for the amount of
his individual claim, the granting or refusal of which does
not depend upon the rights of his coplaintiffs, any further
than it grows out of the same transaction, and perhaps
involves the same questions of law and similar facts.   A
court of law is fully able to grant adequate and speedy
relief, and it seems to us the controversy should be deter-
mined in that forum.   It is sometimes admissible,—where
a number of persons have separate and individual claims
or rights of action against the same person, arising out
of the same event or transaction, and which involve and
depend upon the same questions of law and similar mat-
ters of fact,—for a court of equity to exercise jurisdic-
tion in order to prevent a multiplicity of suits, and thus
give in one proceeding more substantial relief than could
be obtained in numerous actions at law prosecuted by each
individual separately.   But such jurisdiction is exercised
only where the legal remedies are inadequate, and cannot
meet the ends of justice as effectively as those afforded
by a court of equity, and a bill for that purpose, as said
by MORTON, C. J., "will not be entertained unless it ap-
pears that there is a practical necessity for the interposi-
tion of the court to prevent vexatious litigation": *Fellows*
v. *Spaulding,* 141 Mass. 93 (6 N. E. 548).   Where the rights
of the several plaintiffs are purely legal, and in themselves

perfectly distinct, so that each party's case depends upon its own peculiar circumstances, and the relief demanded is a separate money judgment in favor of each plaintiff and against the defendant, there is no "practical necessity" for the interposition of a court of equity, and we can find no authority for holding that it will assume jurisdiction simply because the parties are numerous. A defendant is entitled to the constitutional right of trial by jury, of which he cannot be deprived because numerous parties are asserting claims against him, even though such claims may be founded upon the same questions of law and fact. The circumstances under which a court of equity will exercise jurisdiction in order to prevent a multiplicity of suits are fully discussed and considered by Mr. Pomeroy in his work on Equity Jurisprudence; but no principle is announced by him, or sustained by any of the authorities referred to, upon which, in our opinion, this proceeding can be sustained: 1 Pomeroy's Equity Jurisprudence, § 243, *et seq*. It follows that the decree of the court below must be reversed, the complaint dismissed, and the parties remanded to their remedy at law.                                        REVERSED.