Argued September 12, 1963, affirmed February 13, 1964

# GUY F. ATKINSON CORPORATION *v.* LUMBER-MEN'S MUTUAL CASUALTY COMPANY

### 389 P. 2d 32

On brief for appellant were Fewless & Douglass, and John P. Ronchetto, Portland.

No appearance for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

McALLISTER, C. J.

This is a suit filed by plaintiff in the circuit court for Multnomah county to restrain the defendant from further prosecuting three actions for damages commenced by defendant against plaintiff in the district court for Multnomah county, and to also enjoin defendant from instituting similar actions on other like causes of action unless all of the causes are consolidated into a single action. A demurrer to the complaint on the ground that it did not state a cause of suit was sustained, and when the plaintiff refused to plead further the complaint was dismissed. Plaintiff appeals.

The following statement of facts is taken from the allegations of the complaint. In March, 1956, plaintiff as the general contractor entered into a contract with the Oregon State Highway Department, and the Washington State Highway Department, to erect a bridge across the Columbia river between Portland, Oregon, and Vancouver, Washington. Plaintiff subcontracted to Judson Pacific-Murphy Corporation the erection of the steel superstructure of the bridge, including the painting thereof. Judson in turn subcontracted the painting of the steel superstructure of the bridge to Runnels Industries, a partnership.

While the new bridge was being constructed, the interstate motor vehicle traffic continued to use an older bridge situated adjacent to and paralleling the new bridge. Runnels Industries used a spray method to paint the new bridge, and was so engaged from the first of March to the middle of June, 1958. Defendant contends that Runnels and Judson negligently permitted paint spray to drift onto the parallel bridge, where it was deposited on and damaged numerous automobiles crossing that bridge, and that plaintiff is liable for the negligence of Runnels and Judson.

According to the complaint, defendant contends that numerous automobiles insured by it were damaged by said painting operation, that defendant settled with the owners of said vehicles and became subrogated to the rights of said insureds against all persons liable for said damage. Defendant made demand upon plaintiff and upon Runnels for payment of the aggregate of all the claims to which defendant became subrogated. On December 19, 1961 defendant instituted in the district court for Multnomah county three separate actions against plaintiff, demanding judgment as follows:

(1) $22.50 damages and $75.00 attorneys' fees,
(2) $19.50 damages and $75.00 attorneys' fees,
(3) $22.50 damages and $75.00 attorneys' fees.

In addition to filing the three separate actions, defendant has made demand on plaintiff pursuant to ORS 20.080① for the payment of 56 additional claims,

---

① ORS 20.080 "(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be

ranging in amount from $12.40 to $72. Plaintiff does not know whether or not defendant has still more similar claims.

Plaintiff alleges that defendant, unless restrained, will file separate legal actions against plaintiff upon all claims which it may have, and will continue to prosecute the three actions now pending; that Runnels Industries was a subcontractor "twice removed"; that plaintiff is not liable for the negligence, if any, of Runnels, and has a good defense to the actions now pending and all other actions which defendant threatens to commence; and that all of the claims arise out of identical or similar facts and "would raise issues which would require proof of like character on behalf of both parties."

Plaintiff further alleges that if defendant files separate actions on all of its claims, there will result, in addition to irreparable injury and damage to plaintiff, an unwarranted burden on the district court for Multnomah county, and in the event of appeals by either party, upon the circuit court for Multnomah county.

It is further alleged that defendant, without waiving any rights, could consolidate into a single action all of the claims which it asserts to have against plaintiff; that defendant's only purpose in bringing separate actions on each claim is to unjustly enrich

---

fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff.

\* \* \* \* \*"

itself by attempting to collect exorbitant attorneys' fees under the provisions of ORS 20.080, the amounts of which will exceed by many times the damages, if any, sustained by defendant; and that such a course if continued by defendant will result in a multiplicity of vexatious and inequitable actions.

The complaint prays for a decree enjoining defendant from prosecuting the actions now pending and from filing any more actions upon its other claims "unless and until all of said pending actions and claims which defendant may have against the plaintiff are consolidated into one cause of action."

We think the law decisive of this case was first stated in Oregon in *Van Auken v. Dammeier,* 27 Or 150, 40 P 89 (1895). That case was a suit in equity brought by 12 persons, each of whom had a separate cause of action against the defendants for the recovery of money individually advanced in connection with a mining venture. The defendants objected to the jurisdiction of equity and alleged in their answer that the plaintiffs each had a plain, speedy and adequate remedy at law. In reversing an equitable decree in favor of the plaintiffs and remanding the parties to their remedy at law, this court in an opinion by Mr. Chief Justice ROBERT S. BEAN said, at 27 Or 155-6:

"* * * Where the rights of the several plaintiffs are purely legal, and in themselves perfectly distinct, so that each party's case depends upon its own peculiar circumstances, and the relief demanded is a separate money judgment in favor of each plaintiff and against the defendant, there is no 'practical necessity' for the interposition of a court of equity, and we can find no authority for holding that it will assume jurisdiction simply because the parties are numerous. A defendant is entitled to the constitutional right of trial by jury,

of which he cannot be deprived because numerous parties are asserting claims against him, even though such claims may be founded upon the same questions of law and fact. * * *"

In the later case of *Logan v. Equitable Trust Co.,* 145 Or 684, 29 P2d 511 (1934), this court enjoined an action by one claimant against a trustee and remanded the cause with directions to determine the rights of all the interested parties in a suit in equity. The holding appears to be based on the premise that because there were a number of claimants to the same trust *res,* equity could give more complete relief than a court of law.⊚ The opinion, however, quotes with approval from 10 RCL 284-5, Equity § 30, as follows:

"* * * [T]he trend of the authorities is to the effect that there must be at least some well recognized ground of equitable interference, or some community of interest in the subject-matter of the controversy, or a common right or title on which all the separate claims and the questions at issue depend, or there must be some common purpose in pursuit of a common adversary where each may resort to equity in order to invoke its aid to adjudicate in one suit the rights of numerous different parties whose claims are separate and distinct; and the mere fact that their separate rights will require the application of the same principle of law, and that their right originally sprang from the same source, is not sufficient."

⊚ "In the present case, in addition to the community of interest of all the bondholders in the trust *res,* we have a trust and the management thereof, and it is alleged that the management of the trust was fraudulent. It is stated in 10 R. C. L. 288, § 32, in effect, that with cases of fraud or trust, when properly before it, a court of equity can ordinarily deal more completely than can a court of law. Accordingly, where such questions are involved, a court of equity is never closed to a person unless the remedy at law is complete and will secure to him the whole right involved in a manner as just and perfect as would be attained in a suit in equity." 145 Or at 693.

The trend referred to in the above quotation has continued with the result that the weight of authority now fully supports the rule stated by this court in *Van Auken v. Dammeier, supra.* In an annotation entitled "Power of equity to enjoin prosecution of independent actions at law by different persons injured by the same tort," 75 ALR 1444, the author states as follows:

"* * * Notwithstanding a temporary vacillation upon the subject by some courts of the highest standing, the rule seems now to be well settled that one who, by a tortious act, has inflicted an injury upon several or many persons, is not entitled to enjoin the prosecution by such persons of separate actions at law to recover compensation for the injuries occasioned them individually by the tortious act complained of.

"It is fundamental that one seeking to invoke equitable relief must establish in himself an equity. The mere fortuitous fact that several persons have independent actions against him growing out of his own wrong does not invest him with any such equity. The mere fact that the defendant has by his negligence injured several, even many, people, cannot give him an equity which will entitle him to invoke the equitable relief of enjoining prosecution by such persons of their respective individual actions at law to recover damages as compensation for the injury ascribable to the negligent act complained of."

Our examination of the cases discloses that the weight of authority fully supports the above statement. *Hamilton v. Alabama Power Co.,* 195 Ala 438, 70 So 737 (1915); *Southern Steel Co. v. Hopkins,* 174 Ala 465, 57 So 11 (1911); *Roanoke Guano Co. v. Saunders,* 173 Ala 347, 56 So 198 (1911); *Turner v. City of Mobile,* 135 Ala 73, 33 So 132 (1902); *Cumberland*

*Tel & Tel Co. v. Williamson,* 101 Miss 1, 57 So 559 (1912); *Tribette v. Illinois Central R. Co.,* 70 Miss 182, 12 So 32, 19 LRA 660, 35 Am St Rep 642 (1892); *Carolina Power & Light Co. v. Merrimack Mut. Fire I. Co.,* 238 NC 679, 79 SE2d 167 (1953); *Hossack v. City of Sioux Falls,* 69 SD 358, 10 NW2d 751 (1943); *Ducktown Sulphur Copper & Iron Co. v. Fain,* 109 Tenn 56, 70 SW 813 (1902); *National Tube Co. v. Smith,* 57 W Va 210, 50 SE 717 (1905); *Illinois Steel Co. v. Schroeder,* 133 Wis 561, 113 NW 51 (1907); *Georgia Power Co. v. Hudson,* 49 F2d 66 (4th Cir 1931), 75 ALR 1439.

■ We think the general rule applies in the case at bar, although the numerous causes of action have been assigned to defendant. Although defendant could join in one complaint all of its causes of action, ORS 16.220 (1) (c), each cause "must be stated separately." Each cause of action would retain its separate identity, and ORS 20.080, authorizing the recovery of attorney's fees, would apply to each cause of action. Each cause of action, at least as to the extent of damage, would require separate proof, and a separate verdict or finding.

Plaintiff does not ask that equity take jurisdiction of the numerous causes of action and settle all of them in one suit. Plaintiff prays only that the defendant be enjoined from prosecuting its causes of action until it joins all of them in one complaint at law. The result would be a compulsory joinder by decree, in disregard of a statute that makes joinder of separate causes of action permissive. ORS 16.220. *Winters v. Bisaillon,* 153 Or 509, 512, 57 P2d 1095, 104 ALR 968.

■■ Plaintiff can apply to the court in which the separate actions are pending for an order consolidating

them for trial, ORS 11.040, which application would be addressed to the sound discretion of the court. *Milton Whse. Co. v. Basche-Sage Co.*, 147 Or 563, 34 P2d 338, 978. We assume that if a proper showing is made, the court will order the actions consolidated for trial. Ordinarily, equity will not entertain a suit for the sole purpose of requiring the consolidation of actions when the same relief is available at law. *Carolina Power & Light Co. v. Merrimack Mut. Fire I. Co.*, 238 NC 679, 79 SE2d 167, 173 (1953).

Although the brief does not mention the doctrine of *res judicata* or its concomitant, collateral estoppel, we assume that a determination in one action between plaintiff and defendant that plaintiff is not liable for the negligence of Runnels would be conclusive in the other actions now pending between the same parties, or that may be filed by the defendant against this plaintiff on other like claims. *Gwynn v. Wilhelm*, 226 Or 606, 360 P2d 312 (1961). This is another sound reason why the interposition of equity is unnecessary.

We think the trial court did not err in sustaining the demurrer to plaintiff's complaint, and the judgment is affirmed.