Argued and submitted November 21, 2011, affirmed August 22, 2012

Dan BEDFORD
and Crystal Bedford,
husband and wife,
*Plaintiffs-Respondents*,
*v.*

MERETY MONGER TRUST,
by and through Curtis Monger,
Trustee of the Merety Monger Trust,
*Defendant-Appellant.*

Douglas County Circuit Court
09CV0709CC; A146562

286 P3d 912

Jonathan H. Johnson argued the cause and filed the brief for appellant.

Dan G. McKinney argued the cause for respondents. With him on the brief was DC Law and Johnson & McKinney PC.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

This dispute began when defendant shut off a water system located on its property that diverted water from a nearby spring or creek to plaintiffs' property, and it now concerns an attorney fee award under ORS 20.080 after plaintiffs prevailed at trial. Plaintiffs' complaint included two tort claims and a request for attorney fees under ORS 20.080, which provides a right to fees on small tort claims. The trial court did not aggregate the economic damages alleged in the tort claims when it determined that plaintiffs met the pleading requirements of ORS 20.080 and were entitled to attorney fees. Defendant pursues a single assignment of error concerning the supplemental judgment awarding plaintiffs their fees, arguing that plaintiffs pleaded an aggregate damage amount over the statutory maximum in ORS 20.080. The legal issue on appeal concerns whether to aggregate the same economic damages pleaded in separate and distinct claims for relief to determine the amount pleaded for purposes of the statute. Because plaintiffs pleaded the same economic damages under separate tort theories, we affirm.

We briefly summarize the facts, which are primarily procedural. Plaintiffs Dan Bedford and Crystal Bedford and defendant Merety Monger Trust are neighbors. At one point, both plaintiffs' property and defendant's property were owned by one person, Walter Monger, who obtained water rights and an easement from an adjoining land owner and put into place a water delivery system for the benefit of the property plaintiffs now own. That water system runs from somewhere near the confluence of a spring and nearby creek and then through a pipeline mostly on defendant's property to a water storage tank on plaintiffs' property. Both plaintiffs and the prior owner of their property used the water system for all of their water needs. In 2008, Curtis Monger, trustee of the Merety Monger Trust, shut off the water delivery system.

Plaintiffs sent a demand letter to defendant stating that defendant's termination of the water system was wrongful and that plaintiff had incurred $2,500 in expenses for equipment and supplies to obtain and treat water from the nearby creek. Plaintiffs demanded that defendant

reconnect the water system to plaintiffs' property and pay them $2,500 within 10 days, otherwise plaintiffs would pursue legal action and seek attorney fees under ORS 20.080. Defendants did neither, and plaintiffs filed this action.

In their second amended complaint, plaintiffs alleged that (1) they were entitled to a declaration that they had an implied easement to draw water from the creek to their property; (2) defendant interfered with their use and enjoyment of that easement by shutting off the water system, either intentionally or negligently; (3) defendant breached a separate logging easement agreement between the parties; and (4) defendant's shutting off the water system was a nuisance because it directly interfered with plaintiffs' use and enjoyment of their property. In their prayer for judgment, plaintiffs sought a declaration that they had an implied easement; $2,500 in economic damages for their interference with easement claim; $12,500 in economic damages for breach of the logging easement agreement; and $5,000 for their nuisance claim—$2,500 for economic damages and $2,500 for noneconomic damages. Additionally, plaintiffs claimed entitlement to attorney fees under ORS 20.080.

Plaintiffs prevailed on all of their claims. The jury found that plaintiffs had an implied easement to use the water system on defendant's property and that defendant intentionally interfered with the implied easement, and it awarded plaintiffs $2,500 in economic damages. Plaintiffs also won their claim for breach of the logging easement agreement, and the jury awarded plaintiffs $854 in economic damages. On plaintiffs' nuisance claim, the jury awarded plaintiffs $1,250 in economic damages and nothing for noneconomic damages. The trial court's general judgment included a declaration that plaintiffs have an easement for the water system, an award of the contract damages, and an award of $2,500 in economic damages for both of plaintiffs' tort claims for interference with easement and nuisance together. The judgment also allowed plaintiffs to seek attorney fees under ORCP 68.

Plaintiffs subsequently submitted a statement seeking an award of attorney fees limited to their two tort claims, *i.e.*, their interference with easement and nuisance

claims. *See* ORS 20.080 (a plaintiff is entitled to attorney fees for claims predicated on "an injury or wrong to [plaintiff's] person or property[]"). Defendant objected, contending that, because plaintiffs' operative pleading claimed a total of $20,000 in damages,[1] the total amount pleaded was over the $7,500 statutory maximum in ORS 20.080 (2009), *amended by* Oregon Laws 2009, chapter 487, section 3.

The trial court ordered an award of attorney fees to plaintiffs over defendant's objections. The trial court explained that the tort claims were merely two different theories to recover the same damages:

> "It is clear from the operative pleading that [the] second claim for relief (counts one and two) and the fourth claim for relief were based upon the same facts, the same damages but alternate theories."

Citing *Beers v. Jeson Enterprises*, 165 Or App 722, 998 P2d 716 (2000), and *Barnes v. Bob Godfrey Pontiac, Inc.*, 41 Or App 263, 597 P2d 1285, *modified on recons*, 41 Or App 745, 598 P2d 1289 (1979), the trial court awarded plaintiffs the sum of $2,500 for their interference with easement and nuisance claims. The trial court also concluded that because ORS 20.080 did not authorize attorney fees on plaintiffs' claim for breach of the logging easement agreement, plaintiffs' request for attorney fees had to be reduced. Accordingly, the trial court entered a supplemental judgment awarding plaintiffs 75 percent of the amount of attorney fees they had requested.

Defendant does not contest the reasonableness of the fees awarded. Rather, defendant assigns error to the trial court's award of any attorney fees to plaintiffs when, according to defendant, they pleaded an aggregate amount of damages over the statutory maximum allowed in ORS 20.080. Before we reach the merits of defendant's argument, we address a preliminary issue, the applicable version of ORS 20.080.[2]

---

[1] It is undisputed that plaintiffs' claim for breach of the logging easement agreement is factually unrelated to the dispute over the water system. On appeal, defendant has abandoned its argument that the $12,500 in economic damages alleged for breach of that easement agreement should be included in determining whether plaintiffs pleaded over the statutory maximum in ORS 20.080.

[2] The parties also dispute whether defendant preserved its assignment of error, a dispute that we need not resolve because, in any event, we reject defendant's assignment.

As pertinent to this appeal, ORS 20.080 was amended in 2009. Or Laws 2009, ch 487, § 1. At the time plaintiffs filed their complaint, the statutory maximum was set at $5,500, but, by the time the judgment was entered in 2010, it was set at $7,500. *Compare* ORS 20.080 (2007) (attorney fees shall be awarded "where the amount pleaded is $5,500 or less[]"), *with* ORS 20.080 (2009) (attorney fees shall be awarded "where the amount pleaded is $7,500 or less[]"). On appeal, defendant argues that the statutory maximum of $5,500 in damages applies. We agree, because the complaint in this case was filed before the effective date of the 2009 amendments, January 1, 2010. *See* Or Laws 2009, ch 487, § 2(2) ("The amendments to ORS 20.080 by section 1 of this 2009 Act do not apply to an action that was filed before the effective date of this 2009 Act."). Accordingly, all further references in this opinion are to the 2007 version of ORS 20.080.

We now reach the heart of defendant's assignment of error. At the time the complaint was filed, ORS 20.080(1) provided, in part:

> "In any action for damages for an injury or wrong to the person or property, or both, of another *where the amount pleaded is $5,500 or less*, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. \* \* \*"

(Emphasis added.) The policy behind ORS 20.080 "is to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims." *Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999).

Defendant argues that to determine whether the "amounted pleaded" is within the limit of ORS 20.080(1), we should aggregate the damages pleaded in plaintiffs'

second amended complaint on their two tort claims because they are based on the same set of operative facts, namely, defendant's termination of the water system that diverted water to plaintiffs' property. Because the sum of the economic and noneconomic damages alleged in the nuisance claim and the economic damages alleged in the interference with easement claim was $7,500, defendant asserts that plaintiffs pleaded over the $5,500 statutory maximum.

Plaintiffs argue that, for purposes of ORS 20.080, the damages on their two tort claims should not be aggregated because their nuisance claim was an alternative theory of relief to their interference with easement claim. According to plaintiffs, it is evident from the record that they did not intend to recover separate economic damages for each claim because they alleged the same amount of damages for each claim, $2,500. Plaintiffs contend that, if it was their intention to recover separate economic damages for each of their tort claims, plaintiffs would have insisted that the trial court enter a judgment that conformed to the jury verdict, which awarded plaintiffs $2,500 in economic damages on their interference with easement claim and $1,250 in economic damages on their nuisance claim. Thus, plaintiffs assert that their two claims should be treated as alternative theories, not independent claims for relief, and, consequently, the largest amount of damages they pleaded was $5,000 on the nuisance claim, which is below the maximum limit in ORS 20.080.

We review the trial court's allowance of attorney fees for legal error. *Johnson v. Swaim*, 343 Or 423, 427, 172 P3d 645 (2007). Defendant relies on *Johnson v. White*, 249 Or 461, 464, 439 P2d 8 (1968), and the concurrence in *Beers*, 165 Or App at 733 (Edmonds, J., concurring), for its contention that the amount pleaded for each tort claim is aggregated. In *Johnson*, the plaintiff brought an action against the defendant alleging separate claims for personal injury and for property damage, each stemming from the same alleged tort. *Id.* at 462. When *Johnson* was decided, the statutory maximum damages was $1,000, and the Supreme Court held that the amount pleaded for each claim is aggregated to determine the total amount pleaded:

"If the total demand, *regardless of the number of causes of action*, is $1,000 or less, attorney fees are allowable on each cause of action if plaintiff recovers and other requirements are met. If the total demand is over $1,000 attorney fees may not be allowed under any cause of action."

*Id.* at 464 (emphasis added). In his concurring opinion in *Beers*, Judge Edmonds explained that the Supreme Court's holding in *Johnson* is limited to multiple claims arising out of the same operative facts. 165 Or App at 733 (Edmonds, J., concurring).

Plaintiffs respond that *Johnson* does not apply because their two tort claims were alternative theories for recovery. As did the trial court, plaintiffs cite *Barnes* for the proposition that, to determine the total amount pleaded in a complaint, alternative claims for relief are not aggregated. In *Barnes*, the plaintiffs alleged three causes of action relating to the defendant's repair of the plaintiffs' car: breach of contract, negligence, and unlawful trade practices. On reconsideration, we held that the plaintiffs were entitled to attorney fees because their "original complaint set forth three alternative theories of recovery which would not have permitted recovery of more than" the maximum damage amount in ORS 20.080. 41 Or App at 747.

During oral argument, defendant conceded that plaintiffs' two tort claims are "based on the same operative facts" and are "alternative theories for the same objective." We agree with defendant's concession. Plaintiffs alleged two tort claims to recover the same economic damages. From their demand letter to closing arguments, plaintiffs made it clear that, for both their interference with easement and nuisance claims, they sought to recover the $2,500 cost to install a new water supply system to obtain and treat water from the creek. And, even though the jury awarded them separate and different amounts of economic damages for each claim, $2,500 for their interference claim and $1,250 for their nuisance claim, plaintiffs prepared a proposed judgment that did not aggregate the economic damages awards and instead provided for only $2,500 in economic damages for both tort claims. At no point, either at trial or at the attorney fee hearing, did defendant attempt to argue that plaintiffs sought different types of economic damages

for their two tort claims. Thus, the record demonstrates that the parties understood throughout the course of the dispute that plaintiffs sought to recover $2,500 in economic damages, not the aggregate amount of economic damages alleged in their complaint.

Defendant's rejoinder, however, is that *Barnes* is contrary to the Supreme Court's holding in *Johnson*, and, therefore, it should be overruled. We disagree with the premise of defendant's contention. Our holding in *Barnes* is not in conflict with *Johnson*, because the Supreme Court in that case did not address the question raised in *Barnes*: whether alternative claims for recovery of the same damages must be aggregated to determine the total amount pleaded in a complaint. In *Johnson*, the plaintiff split his tort claim into two, alleging one claim for personal injuries and another for property damage, but each claim was based on the same allegedly tortious conduct by the defendant. 249 Or at 462. In *Barnes*, we determined that separate, alternative claims for relief, even though involving the same operative facts, should not be aggregated for the purposes of ORS 20.080. 41 Or App at 747. We conclude that *Barnes*'s holding neither frustrates the policy of ORS 20.080—to encourage settlement of small claims and to discourage plaintiffs from inflating their claim—nor conflicts with the decision in *Johnson*. Accordingly, we decline to overrule *Barnes*.

Because plaintiffs' interference with easement and nuisance claims for relief, though not pleaded in the alternative, are separate and distinct claims for recovery of the same economic damages, we do not aggregate the amount of economic damages in the two claims to determine the amount pleaded in plaintiffs' second amended complaint. *See Barnes*, 41 Or App at 747 (damages alleged in alternative claims for relief that would not have permitted a recovery in excess of the statutory maximum are not aggregated). Plaintiffs alleged only $5,000 in tort damages. The trial court did not err in concluding that plaintiffs pleaded below the statutory maximum of $5,500 and that plaintiffs are entitled to an award for attorney fees under ORS 20.080.

Affirmed.