Argued and submitted March 15, award of attorney fees reversed;
otherwise affirmed November 15, 2006

Jesse H. JOHNSON, Jr.,
*Respondent,*

*v.*

Gregory Alan SWAIM,
*Appellant.*

0309-10527; A127483

147 P3d 374

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

John T. Bridges argued the cause for respondent. With him on the brief was Brown, Taylor, Bridges & Palmer, P. C.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

Defendant appeals the trial court's award of attorney fees, ORS 20.080, after a jury returned a verdict in favor of plaintiff for personal injuries and property damage sustained in a motor vehicle accident. We review the award for errors of law, and reverse. *Schwartzkopf v. Shannon the Cannon's Window*, 166 Or App 466, 468, 998 P2d 244 (2000).

On October 4, 2001, plaintiff's vehicle was rear-ended by defendant's pick-up truck, injuring plaintiff and totaling his vehicle. Nine months later, on July 11, 2002, plaintiff sent a letter to an adjuster for defendant's insurer, asserting a claim for injury and property damage. The letter informed the adjuster that "a claim is being pursued" and suggested that the adjuster leave the file "open until fair and full compensation is paid for all losses, injuries and property damage * * *."

Another year passed, and, on August 14, 2003, plaintiff spoke with a different adjuster and orally demanded $5,000 in damages. The adjuster responded with a letter stating, in part, that, "At this time, I am not able to make you any kind of offer for settlement * * *."

Within a week of the adjuster's response, and very shortly before plaintiff's claim was set to expire pursuant to the two-year statute of limitations, ORS 12.110, an attorney representing plaintiff sent a letter dated September 29, 2003, to the adjuster stating:

> "This letter will act as demand upon you for [plaintiff's] property damage, economic damages, and non-economic damages in the sum of $5,500.00. This demand is made pursuant to ORS 20.080 and if the demand is not paid within ten (10) days, we will seek and obtain attorney fees in this claim."

A complaint pleading $5,500 in damages was filed the next day. A final correspondence, sent by the adjuster to plaintiff's attorney about a week after the complaint was filed, said, "Pursuant to ORS 20.080, * * * I am offering your client $500.00 * * *."

The case went to trial and the jury returned a verdict in favor of plaintiff, who then filed a petition for attorney fees under ORS 20.080. The trial court awarded $9,122.73 in fees, concluding that plaintiff had complied with the statute's notice requirements or, in the alternative, that defendant had waived the right to such notice. We begin by addressing whether plaintiff complied with the notice requirements, then discuss waiver.

■　　ORS 20.080 permits an award of attorney fees in certain cases in which the amount of damages pleaded is $5,500 or less. That statute provides, in part:

> "(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, *if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint * * *.*"

(Emphasis added.) Because it is uncontested that the amount pleaded was "$5,500 or less" and that plaintiff "prevail[ed] in the action," this dispute involves whether "written demand for the payment of [plaintiff's] claim was made on * * * defendant not less than 10 days before the commencement of the action or the filing of a formal complaint." Defendant argues that none of the communications from plaintiff to defendant complied with those prefiling notice requirements.

■■　　Defendant is correct. Plaintiff's July 11, 2002, letter fails to satisfy the statutory requirements because, even though it was written and sent much more than 10 days before the complaint was filed, it did not contain a demand for payment. Rather, that letter simply suggests that the adjuster leave the file "open until fair and full compensation is paid for all losses, injuries and property damage * * *." The August 14, 2003, communication likewise fails because that demand for $5,000 was not written. Finally, the letter sent by plaintiff's attorney on September 29, demanding settlement for "damages in the sum of $5,500 * * * pursuant to ORS

20.080," fails because it was not sent at least "10 days before * * * the filing of a * * * complaint," but rather was sent the day before the complaint was filed.

Plaintiff contends that "all of the communications taken as a whole" met the prefiling notice requirements of ORS 20.080, because the July 11 letter was, by its terms, a "written demand for recovery of [a] claim," and the oral communication necessarily informed defendant that the claim mentioned in the letter would be within the statutory limit. For support, plaintiff cites *Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 513 P2d 1151 (1973), for the proposition that the written demand need not contain a dollar amount so long as a defendant is otherwise notified that the amount of the claim is within the statutory limit. That interpretation of *Landers* is incorrect.

In *Landers*, the plaintiff was injured in an automobile accident. *Id.* at 474. More than 10 days before the commencement of his action, the plaintiff sent the following written demand to the defendants:

> "Unless you contact me within ten days and make satisfactory arrangements for the settlement of this claim for personal injury * * * I [will] commence legal proceedings against you * * * to recover full and just compensation * * * together with attorney's fees and court costs pursuant to ORS 20.080."

*Id.* The dispute was over whether that notice constituted a "written demand for payment of such claim" under ORS 20.080 despite the fact that the written demand lacked a dollar amount. *Landers*, 266 Or at 474-75.

The court held that, even though the demand did not recite a specific dollar amount, it nevertheless satisfied the statute because the letter's reference to the statute effectively communicated to the defendants "that plaintiff's claim would be [$5,500] or less."[1] *Id.* at 475-76. The court commented that the legislature's intention was to exclude from

---

[1] The legislature enacted ORS 20.080(1) in 1947 and has amended the statute over the years to increase the dollar amount of claims that qualify under the statute. *Fresk v. Kraemer*, 337 Or 513, 519, 519 n 6, 99 P3d 282 (2004). Those changes do not affect our decision, and we refer only to the current dollar amount.

the purview of the statute "[written] demands in excess of [the statutory limit]," and that a plaintiff will recover attorney fees only if plaintiff's "[written] demand [is] no greater than that amount." *Id.* at 477.

■       However, the court did *not* conclude, as plaintiff contends, that an ORS 20.080 written demand need not contain a dollar amount. Rather, the court concluded that the dollar amount in the demand, as required by ORS 20.080, can be satisfied by referring to the statute. *Id.* at 475-76. Here, the July 11 letter contains no dollar amount, does not refer to the statute, and does not otherwise communicate the amount of plaintiff's claim. Accordingly, that letter does not satisfy the prefiling notice requirements of ORS 20.080. Further, the oral communication informing defendant of the amount of the claim is irrelevant to our inquiry because it is the *writing* that must contain a reference to the dollar amount.

■       We next address whether defendant waived his right to notice under the statute by reason of either of the adjusters' letters to plaintiff. As noted above, the relevant part of the first letter stated, "At this time, I am not able to make you any kind of offer for settlement[.]" The relevant part of the second letter, which was sent after plaintiff's complaint had been filed, stated, "Pursuant to ORS 20.080, * * * I am offering your client $500.00 * * *."

■       A waiver, under Oregon law, is the "intentional relinquishment of a known right." *Guardian Management, LLC v. Zamiello*, 194 Or App 524, 529, 95 P3d 1139 (2004). It must be plain and unequivocal, either in its terms or by conduct, clearly indicating an intention to renounce a known privilege or power. *Id.* In order to make out a case of waiver, there must be a clear, unequivocal, and decisive act of the party showing such a purpose. *Id.*

The first letter does not constitute a waiver under that standard. Rather, that letter simply informs plaintiff that the adjuster is unable to make a settlement offer "[a]t this time[.]" That statement cannot be viewed as a plain and unequivocal expression of an intention to renounce anything and certainly not the right to notice under the statute. Indeed, the letter does not mention the notice requirement, attorney fees, or even the statute itself. Nothing in the letter

can be construed as a concession by defendant that plaintiff, who had not yet even hired a lawyer, could count on defendant to pay that hypothetical lawyer's fees, even without providing defendant with the required notice.

Plaintiff urges us to adopt a "futility exception"[2] and hold that defendant's first letter foreclosed all possibility of settlement and thereby operated as a waiver of the prefiling notice requirements. Under those circumstances, plaintiff contends, even if a plaintiff were to comply with the statute, it is a foregone conclusion that the purpose of the statute, to settle, will not be accomplished, so it is unfair to enforce the statute against a plaintiff.

Defendant's first letter, which merely indicated that the adjuster was unwilling to make an offer "[a]t this time[,]" can hardly be construed as a rejection of all future negotiations. Indeed, negotiations *did* continue after that point. In any event, leaving aside our doubts as to whether defendant actually did foreclose the possibility of settlement in this case, we decline to adopt a "futility exception" to the application of ORS 20.080. As was true here, prefiling negotiations are rarely futile and a 10-day cooling-off period is often helpful in avoiding unnecessary litigation, even where the defendant initially expresses unwillingness to negotiate. Adoption of a futility exception in this context would conflict with the evident purpose of the statute, which is to promote settlement in advance of litigation.

That leaves the second letter, which likewise does not constitute a waiver. That letter makes an offer to settle for $500, "pursuant to ORS 20.080 * * *." It does not mention the subject of notice or the issue of attorney fees, but simply makes an offer to settle. Contrary to plaintiff's contention,

---

[2] Oregon courts have recognized a futility exception in other contexts. *State v. Johnson*, 120 Or App 151, 158, 851 P2d 1160, *rev den*, 318 Or 26 (1993) (stating that, in the criminal context, "when an officer fails to follow the procedure outlined in ORS 131.625, and there is no reason to believe that attempting to do so would be futile, then the use of handcuffs exceeds the restraint permitted by the statute"); *SAIF v. Stephen*, 308 Or 41, 47-48, 774 P2d 1103 (1989) (stating that, in the workers' compensation context, a showing by a claimant that he has made reasonable efforts to obtain employment, as required by ORS 656.206(3), may be excused under certain circumstances when "seeking such work would be futile").

the letter's reference to ORS 20.080 does not somehow indicate that defendant has relinquished the right to have plaintiff comply with the requirements of that statute.

Award of attorney fees reversed; otherwise affirmed.