Argued and submitted September 11, decision of Court of Appeals affirmed; supplemental judgment of circuit court reversed November 23, 2007

Jesse H. JOHNSON, Jr.,
*Petitioner on Review,*

*v.*

Gregory Alan SWAIM,
*Respondent on Review.*

(CC 0309-10527; CA A127483; SC S54603)

172 P3d 645

424

John T. Bridges, Brown, Tarlow, Bridges & Palmer, P.C., Newberg, argued the cause and filed the briefs for petitioner on review.

Thomas M. Christ, Cosgrave Vergeer Kester LLP, Portland, argued the cause and filed the brief for respondent on review.

LINDER, J.

## LINDER, J.

Plaintiff prevailed in this small claims tort action for personal injuries and property damage sustained in a motor vehicle accident caused by defendant. Plaintiff then sought attorney fees. The issues before us are whether plaintiff complied with the requirements of the relevant attorney fee statute, ORS 20.080(1), and, if not, whether defendant waived compliance with those requirements. The trial court resolved those issues in plaintiff's favor and awarded him attorney fees. Defendant appealed, and the Court of Appeals reversed. *Johnson v. Swaim*, 209 Or App 341, 147 P3d 374 (2006). We allowed plaintiff's petition for review and now conclude, as did the Court of Appeals, that plaintiff failed to comply with the requirements of ORS 20.080(1) and that defendant did not waive compliance with those requirements. Accordingly, we affirm the Court of Appeals decision and reverse the trial court's award of attorney fees.

On October 4, 2001, due to defendant's negligence, defendant's car collided with plaintiff's pickup. About nine months later, on July 11, 2002, plaintiff sent a letter to defendant's insurer. The letter asserted that "a claim is being pursued for both physical injuries and related losses and property damage," and urged that "[y]our file on the matter should remain open until fair and full compensation is paid for all losses, injuries and property damage" resulting from the incident. More than one year after sending that letter, on August 14, 2003, plaintiff by telephone contacted an adjuster for the insurer and demanded $5,000 in damages. The adjuster responded with a letter on September 24, 2003, in which she declined to make plaintiff a settlement offer "[a]t this time." She explained that she was not able to do so because plaintiff had not documented his injuries "until almost two years post motor vehicle accident." The adjuster invited plaintiff to forward to her "any further information" that he wanted her to consider. The adjuster closed the letter by telling plaintiff that the statute of limitations on his claim would expire on October 4, 2003, and that, if the claim was not settled and plaintiff wanted to pursue his claim, he must file an action by that date. *See* ORS 12.110(1) (action for personal injury must be commenced within two years).

Plaintiff then hired a lawyer, who wrote a letter to the adjuster on September 29, 2003. That letter demanded that the insurer pay $5,500 in damages within 10 days, or face an action in which plaintiff would seek attorney fees under ORS 20.080:

> "This letter will act as demand upon you for [plaintiff's] property damage, economic damages, and non-economic damages in the sum of $5,500.00. This demand is made pursuant to ORS 20.080 and if the demand is not paid within ten (10) days, we will seek and obtain attorney fees in this claim."

Although the letter gave the adjuster 10 days to meet plaintiff's demand, plaintiff could not wait that long to file his action, because the statute of limitations would expire in five days (on October 4, 2003). Plaintiff filed his complaint on September 30, 2003, the day after his attorney sent the adjuster the letter. The complaint sought $5,500 in damages, plus attorney fees. On October 8, 2003, within 10 days of the demand letter, but after plaintiff filed his complaint, the adjuster wrote plaintiff's attorney offering to settle the case for $500: "Pursuant to ORS 20.080, without having received any documents to support your demand, I am offering your client $500.00 plus owed Personal Injury Protection to [plaintiff's] insurance carrier." Plaintiff rejected the offer and the case went to trial before a jury. The jury found defendant negligent and awarded plaintiff $2,500 in damages.

Plaintiff then sought attorney fees under ORS 20.080(1) (set out and discussed below). Defendant objected on the ground that plaintiff had failed to make a sufficient written demand for payment of his claim at least 10 days before filing his complaint, pursuant to the statute. The trial court concluded that plaintiff, through a combination of his written correspondence and the telephone call with the adjuster, made a sufficient and timely demand. The trial court further determined, alternatively, that defendant waived compliance with the statutory requirement of a written demand. Accordingly, the court entered a supplemental judgment awarding plaintiff $9,122.73 in attorney fees.

As already noted, defendant appealed, and the Court of Appeals reversed the fee award, concluding that none of

plaintiff's communications to defendant complied with the prefiling requirements of ORS 20.080(1). *Johnson*, 209 Or App at 344-45. The court further concluded that neither of the adjuster's letters to plaintiff constituted a waiver of those requirements. *Id.* at 346-48. We allowed plaintiff's petition for review and, as we explain below, now affirm the Court of Appeals decision.

■ This court reviews attorney fee awards under ORS 20.080 for errors of law. *Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 513 P2d 1151 (1973). We begin our analysis by discussing whether plaintiff met the requirements of ORS 20.080(1). We then address whether defendant waived those requirements.

■ ORS 20.080(1) provides for an award of reasonable attorney fees to a plaintiff in lower-value tort cases if certain requirements for the award are satisfied. Specifically, the statute provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, *if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint* under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

(Emphasis added.) Thus, for a plaintiff to be entitled to attorney fees under the statute, four requirements must be met: (1) the plaintiff must have filed an action in which the amount pleaded was $5,500 or less; (2) the plaintiff must have prevailed in that action; (3) the plaintiff must have made a written demand on the defendant for payment of

"such claim" at least 10 days before filing the action; and (4) the judgment that the plaintiff obtains in the action must be greater than any prefiling settlement offer made by the defendant. *See Landers*, 266 Or at 476 (distilling those four requirements from the statute).

In this case, only the third requirement—the prefiling written demand for the payment of "such claim"—is at issue. In *Landers*, this court interpreted the phrase "such claim" to mean a claim that is within the dollar limits set by the statute.[1] *Landers*, 266 Or at 476. In so holding, the court observed that the legislature's intent in requiring the demand for "payment of such claim" was to give a defendant "notice that [the] claim will be [$5,500] or less," at which point the defendant must "evaluate the case and * * * make an offer at the risk of having to pay attorney fees if the offer is inadequate." *Id.* at 477. Although the particular written demand made by the plaintiff in *Landers* did not identify the dollar amount of the claim, the demand did tell the defendants that, if they did not settle the case within 10 days of the demand, the plaintiff would bring a legal action and would seek damages "together with attorney's fees and court costs pursuant to ORS 20.080." *Id.* at 474. This court concluded that the plaintiff's written demand was "sufficient to inform defendants that plaintiff's claim would be [$5,500] or less because that is the only circumstance under which plaintiff would be entitled to attorney fees under ORS 20.080 and the notice states that he will request attorney fees under that statute." *Id.* at 475-76.

■     *Landers* thus stands for the proposition that the written demand for payment that ORS 20.080(1) requires must give a defendant notice that the plaintiff is seeking payment of a claim that falls within the dollar limit ($5,500 or less) of ORS 20.080(1). That purpose can be accomplished by identifying the claim as one for a dollar amount that falls

---

[1] When *Landers* was decided, the statute required the amount pleaded to be $1,000 or less. *Id.* at 475-76. Over the years, among other amendments not material to our discussion here, the legislature repeatedly has amended the statute to increase the dollar amount of the claims that qualify under the statute. *See Fresk v. Kraemer*, 337 Or 513, 519, 519 n 6, 99 P3d 282 (2004) (discussing amendments to ORS 20.080).

within the statutory limit ($5,500 or less), by cross-referencing the statute itself, or by otherwise putting the defendant on notice that the claim falls within ORS 20.080(1)—*i.e.*, one in which the amount pleaded will be $5,500 or less.

■    In this case, plaintiff's first letter about his claim—the July 11, 2002, letter—told defendant only that "a claim is being pursued" and advised defendant that "the matter should remain open until fair and full compensation is paid." At most, the letter gave defendant notice that plaintiff intended to pursue a claim for damages and that a demand might be forthcoming in the future. The letter did not put defendant on notice, either directly or indirectly, that plaintiff was currently demanding the payment of a claim with a value of "$5,500 or less." Without that information, defendant was not on notice that it should promptly evaluate the case and make a reasonable offer to settle it, or risk having to pay plaintiff's attorney fees pursuant to ORS 20.080. In fact, plaintiff did not provide that notice in writing until September 29, 2003, at which point he both identified the amount of the claim ($5,500) and stated that the demand was being made pursuant to ORS 20.080. But plaintiff made that demand only one day before filing his complaint, contrary to the statutory requirement that the written demand be made at least 10 days before the action is filed.

Thus, neither of plaintiff's written "demands" to the insurer met the requirements of the statute. Plaintiff, for his part, does not argue otherwise. Rather, plaintiff's position is that the notice missing from his first letter (July 11, 2002) was provided by telephone more than a year later (August 14, 2003), when he orally demanded payment of $5,000. Plaintiff reasons that, under *Landers*, the written demand for payment need not contain a specific dollar amount of damages. Therefore, according to plaintiff, ORS 20.080(1) can be read "to allow supplementing the writing with oral communication."

■    We do not agree. ORS 28.080(1) expressly requires that a plaintiff make a "written" demand for payment of the claim at least 10 days before the action is filed. The statute does not provide for any exceptions to or otherwise qualify

the requirement that the demand be in writing. The legislature's insistence that the demand be in writing is consonant with the underlying purpose that the demand serves. As we emphasized in *Landers,* the point of the demand is to put the defendant on notice that a claim falls within the dollar limits of the statute; that notice then shifts the burden to the defendant to evaluate and attempt to settle the claim for a reasonable amount, or risk having to pay attorney fees. 266 Or at 477. The formality of a writing lends a level of certainty and clarity to the event—the demand for "payment of such claim"—that triggers the 10-day window in which a defendant must evaluate and attempt to settle the claim. The formality of a writing also aids in avoiding disputes over what a plaintiff in fact communicated to the defendant. To permit an insufficient written demand to be "cured" by an oral communication would effectively nullify the statutory command that the notice be in writing.

Plaintiff urges, nevertheless, that the "policy behind the statute" supports his position, even if its words do not. Plaintiff notes that the statute is intended "to coerce tortfeasors and their insurance companies into settling small, legitimate claims where it is impracticable for the offended party to employ an attorney to prosecute [the] claim." *Id.* at 476-77.[2] Plaintiff reasons that he managed to provide defendant with actual notice of his claim and its purported value through the combination of the written and oral communications. And, he urges further, he did so in time for defendant to have an ample opportunity to settle the case. That, he argues, should be enough.

■■ As we have previously cautioned, "[t]his court's statutory construction methodology, not policy considerations" must be our guide in discerning the meaning of a statute. *Rodriguez v. The Holland, Inc.,* 328 Or 440, 446, 980 P2d 672 (1999) (so observing in interpreting the meaning of "amount pleaded" in ORS 20.080).[3] In other words, we must give effect

---

[2] *See also Fresk,* 337 Or at 520 (observing that this court repeatedly has recognized that "the legislative purpose underlying ORS 20.080(1) is 'to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims'" (quoting *Rodriguez v. The Holland, Inc.,* 328 Or 440, 446, 980 P2d 672 (1999)).

[3] *See also PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993) (the court's task in interpreting a statute is to discern the intent of the

to a statute's wording as the means by which we discern and further its underlying policy. As we have observed, the "written demand" requirement is part and parcel of the underlying policy that the statute is designed to serve. The legislature intended not only to coerce the settlement of small, legitimate claims, but it intended that a defendant be placed on notice in a formal way—through a *written* demand—that it must make a reasonable effort to settle within 10 days, or risk attorney fees for not doing so. Here, as in *Landers*, our interpretation of ORS 20.080(1) "accomplishes the statutory purpose and is in conformance with the statute's literal provisions." 266 Or at 477. We conclude that neither plaintiff's letter of July 11, 2002, nor his oral demand of $5,000, whether considered individually or collectively, satisfied the prefiling "written demand" requirement of ORS 20.080(1).

■■     We turn to the alternative ground on which the trial court granted plaintiff's petition for attorney fees—*viz.*, that defendant waived compliance with the requirements of ORS 20.080(1). Under Oregon law, a waiver "is the intentional relinquishment of a known right[.]" *Waterway Terminals v. P. S. Lord*, 242 Or 1, 26, 406 P2d 556 (1965); *accord Drews v. EBI Companies*, 310 Or 134, 150-51, 795 P2d 531 (1990). A party's waiver of a known right must be manifested "in terms or by such conduct as clearly indicates an intention to renounce a known privilege or power." *Great American Ins. v. General Ins.*, 257 Or 62, 72, 475 P2d 415 (1970) (internal quotation marks omitted); *see also Waterway Terminals*, 242 Or at 27 ("To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose * * *.") (internal quotation marks omitted). Plaintiff argues that defendant waived plaintiff's compliance with ORS 20.080(1) in each of the two letters that the claims adjuster sent to plaintiff. Because plaintiff's waiver theory differs for each letter, we discuss the two letters separately.

■     Plaintiff first relies on the letter that the claims adjuster sent him on September 24, 2003. That letter responded to plaintiff's oral demand for $5,000 in payment of

legislature, beginning with the text and context of the statute, which "is the best evidence of the legislature's intent").

his claim and was sent shortly before the statute of limitations was scheduled to expire. The claims adjuster wrote that she was "not able to make [plaintiff] any kind of offer for settlement" because plaintiff had not provided adequate documentation of his injuries. On review, plaintiff argues that the letter rejected any further negotiations and therefore waived defendant's right to receive a written demand for payment "not less than 10 days before the commencement of the action or the filing of a formal complaint." ORS 20.080(1). According to plaintiff, after he received that letter, there was "no reason for an additional ten day waiting period before the lawsuit could be filed," because any further attempt at negotiation would be "futile."

Plaintiff's argument fails, both factually and legally. Factually, the September 24 letter did not foreclose future negotiations, contrary to plaintiff's description. The claims adjuster stated only that she was not able to make a settlement offer "[a]t this time." She specified that she could not do so because she lacked adequate documentation and she invited plaintiff to forward to her "any further information" that he wanted her to consider. Also, in advising plaintiff of the soon-to-expire statute of limitations, the claims adjuster expressly stated that, if the case did not settle, plaintiff would have to file an action before that date to pursue his claim. The letter, considered in full, did not close the door to further negotiation.

Even if, *arguendo*, the September 24 letter could be understood to express the insurer's refusal to settle, that much, without more, would not convey a clear, unequivocal intent to relinquish the right to have plaintiff comply with the requirements of ORS 20.080(1). The statute gives a defendant a minimum of 10 days to investigate and settle a claim. The statute, however, *requires* nothing of the defendant. It merely creates an *incentive* for the defendant to make a reasonable settlement offer by putting the defendant at risk of bearing attorney fees if the defendant does not do so. The defendant is free to investigate the claim or not, and to offer to settle the claim or not. The defendant also is free to change its mind, offering no settlement and then a low one, or a low one followed by a higher one. As a result, the defendant's refusal to settle at a particular time cannot be deemed—

either legally or logically—a waiver of the defendant's statutory right to receive a written demand for payment at least 10 days before a plaintiff files an action on the claim.

■      Plaintiff also argues waiver based on the October 8, 2003, letter, in which the adjuster offered to settle the case for $500 "[p]ursuant to ORS 20.080." Plaintiff urges that the specific citation to the statute in the letter was both "an acknowledgment that attorney's fees are available to [plaintiff]" and an attempt by defendant to take advantage of the statute's "safe harbor" in the event that plaintiff were to be awarded less than $500 in damages. *See* ORS 20.080(1) ("[N]o attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint * * *, an amount not less than the damages awarded to the plaintiff.").

The October 8 letter was written in response to the demand letter from plaintiff's attorney, sent one day before the action was filed, which threatened to seek attorney fees under ORS 20.080(1). In writing the October 8 letter and making a settlement offer "pursuant to the statute," the claims adjuster no doubt was attempting to avoid attorney fees if plaintiff prevailed at trial, was awarded less than the amount offered, and was able to argue successfully that he made a proper pretrial demand for payment of his claim under ORS 20.080(1). The letter made the settlement offer after the complaint was filed, and it was thus too late to preserve for defendant the benefit of the statute's "safe harbor." Just the same, the adjuster's better-late-than-never settlement offer was an effort to preserve defendant's rights under the statute, not an unequivocal and intentional waiver of them. The October 8 letter, therefore, did not waive compliance with the prefiling written demand that ORS 20.080(1) requires.

The decision of the Court of Appeals is affirmed. The supplemental judgment of the circuit court is reversed.