Argued and submitted September 11, 2008, affirmed April 22, 2009

# BRESEE HOMES, INC.,
## an Oregon corporation,
### *Plaintiff-Appellant,*

*v.*

# FARMERS INSURANCE EXCHANGE,
## a California corporation,
### *Defendant-Respondent.*

Marion County Circuit Court
06C12550; A136397

206 P3d 1091

J. Michael Alexander argued the cause for appellant. With him on the briefs was Swanson, Lathen, Alexander, McCann & Prestwich, PC.

Misty Edmundson argued the cause for respondent. With her on the brief were Pam Lang and Soha & Lang, P.S.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff, Bresee Homes, Inc., appeals the trial court's final judgment in favor of defendant, Farmers Insurance Exchange. Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment and denying its cross-motion for partial summary judgment based on the court's determination that the "products - completed operations hazard" exclusion in the insurance policy at issue unambiguously exempted the property damage at issue in this case from coverage under the policy. Further, plaintiff asserts that the trial court erred in refusing to consider extrinsic evidence of the conduct of the parties subsequent to the execution of the contract and in determining that, as a matter of law, defendant could not waive application of an exclusion in the insurance policy. We conclude that the trial court's ruling on all those issues was correct and, accordingly, affirm.

The following facts are undisputed on summary judgment. Plaintiff is engaged in the business of constructing homes. Plaintiff purchased insurance coverage from defendant. Pursuant to the contract, defendant is obliged to pay for covered losses under certain circumstances and also to defend plaintiff against actions where a party makes a claim that is covered by the policy. A number of exclusions from coverage are provided in the contract. Relevant here is an endorsement to the policy excluding "products - completed operations" from coverage.

The underlying dispute involves an action against plaintiff by customers for whom plaintiff had constructed a home pursuant to a construction contract (the Jones claim). Work on the house at issue in that claim was completed in 1999 and that claim was filed against plaintiff in 2005. The Joneses alleged that plaintiff had installed exterior siding on the home that was subject to moisture buildup and failure and had failed to install flashing, thus allowing water intrusion into the home and causing damages. No evidence or information, other than the date the home was completed and the date of the Jones claim, was presented to the trial court regarding when the damages at issue there occurred. Plaintiff never occupied, rented, or held the home for rental.

The work at issue in the Jones claim was performed by a subcontractor rather than by plaintiff itself.

Plaintiff sought coverage for the Jones claim from defendant. Defendant denied coverage based on the "products - completed operations" exclusion. Plaintiff subsequently filed a complaint alleging that defendant had breached the insurance contract by failing to defend it against the Jones claim and seeking declaratory judgment that defendant had breached the contract by denying coverage. The parties filed cross-motions for summary judgment. Following a hearing, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion, concluding that the applicable provisions of the insurance policy were unambiguous and, pursuant to the policy, coverage of the Jones claim was excluded. This appeal followed.

■ In its first assignment of error, plaintiff contends that the trial court erred in concluding that the "products - completed operations" endorsement to the insurance policy unambiguously excluded coverage for the Jones claim. Plaintiff asserts that the policy provides coverage and that coverage is not excluded by the "products - completed operations" provision.

■ The interpretation of an insurance policy is a matter of law. *Employers Insurance of Wausau v. Tektronix, Inc.*, 211 Or App 485, 503, 156 P3d 105, *rev den*, 343 Or 363 (2007). Our objective in construing an insurance contract is to determine the intent of the parties. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469, 836 P2d 703 (1992). To make that determination, we use the three-step process set forth in *Hoffman*. "The first step is to examine the text of the policy to determine whether it is ambiguous, that is, whether it is susceptible to more than one plausible interpretation. If it is not, the policy is interpreted in accordance with that unambiguous meaning." *Andres v. American Standard Ins. Co.*, 205 Or App 419, 423, 134 P3d 1061 (2006) (citing *Hoffman*, 313 Or at 469-70). Thus, the court begins with "the wording of the policy, applying any definitions that are supplied by the policy itself and otherwise presuming that words have their plain, ordinary meanings." *Tualatin Valley Housing v. Truck Ins. Exchange*, 208 Or App 155, 159, 144

P3d 991 (2006), *rev den*, 342 Or 344 (2007). If the wording of the policy is susceptible to more than one plausible interpretation, we examine the disputed terms in the context of the policy as a whole. *Andres*, 205 Or App at 424. Pursuant to this framework, we must initially examine the "products - completed operations" exclusion, including any relevant definitions from the policy and otherwise applying the ordinary meanings of its terms, to determine whether the exclusion is ambiguous.

The insurance contract provides that defendant "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Defendant further has the "right and duty to defend the insured against any 'suit' seeking those damages." However, pursuant to an endorsement to the policy, the "insurance does not apply to 'bodily injury' or property damage' included within the 'products - completed operations hazard.' "

The "products - completed operations hazard" provides that it:

"a.   Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:

  "(1)   Products that are still in your physical possession; or

  "(2)   Work that has not yet been completed or abandoned. However, 'your work' will be deemed completed at the earliest of the following times:

    "(a)   When all of the work called for in your contract has been completed.

    "(b)   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    "(c)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.

"Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed."

The policy defines "your work," in relevant part, as "[w]ork or operations performed by you or on your behalf" and "[m]aterials, parts or equipment furnished in connection with such work or operations."[1] Thus, if the damages at issue occurred away from premises that plaintiff owned or rented and arose out of plaintiff's work, pursuant to the "your work" definition in the policy, there is no coverage unless one of the exceptions applies. It is undisputed that plaintiff did not, itself, perform the work at issue. Rather, the work that gave rise to the damage was completed by a subcontractor. Thus, we must resolve whether the definition of "your work" includes work performed by a subcontractor.

■      On its face, the "your work" definition includes work done "on your behalf." Although not defined in the policy, the term is clear and unambiguous on its face; by its plain and ordinary meaning, it is work done by someone other than the insured "in the interest of : as the representative of : for the benefit of" the insured. *Webster's Third New Int'l Dictionary*

---

[1] "Property damage" is defined as:

"a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

"b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

The trial court observed, and the parties do not dispute, that they appear to agree that the alleged damages involved in this case qualified as "property damage" under the policy.

Likewise, "your product" is defined, in part, to mean:

"a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

"(1) You;

"(2) Others trading under your name; or

"(3) A person or organization whose business or assets you have acquired; and

"b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products."

The parties do not assert that the "your product" definition applies here. Rather, their arguments assume that this definition is not at issue.

198 (unabridged ed 2002). Thus, work done to complete a home that plaintiff was contractually obligated to build and that went toward fulfilling that contractual obligation is work done on plaintiff's behalf. The "your work" definition contained in the policy, then, clearly covers work done by plaintiff itself and work done by plaintiff's subcontractors. As such, and because it is undisputed that the damages occurred away from property that plaintiff owned or rented, the "products - completed operations" exclusion precludes coverage for the Jones claim unless an exception applies.[2]

■ The "products - completed operations hazard" excepts out "[w]ork that has not yet been completed or abandoned." Plaintiff appears to suggest that there was a factual issue as to whether this exception should apply to this case because defendant did not establish when, exactly, the damage occurred. However, on summary judgment, the insured has the burden to produce evidence that an exception to an exclusion applies. *Tektronix*, 211 Or App at 511-14. The facts presented and argued by defendant to the trial court on this issue were that plaintiff's work on the home was completed in 1999 and that the Jones claim was not made until 2005. Plaintiff presented no evidence that the damage at issue occurred before the completion of the work. That failure does not create a genuine issue of material fact on summary judgment. On the contrary, it shows that there is no issue of fact and that the exception does not apply. *See Keller v. Armstrong World Industries, Inc.*, 342 Or 23, 38 n 12, 147 P3d 1154 (2006) ("On summary judgment, a party has the burden to produce evidence on an issue as to which it has the burden of persuasion at trial. ORCP 47 C. It follows that, if no evidence exists on an issue of fact that is material to [that party's] argument, that omission defeats the argument."). In light of the foregoing, we cannot conclude that the trial court

---

[2] Plaintiff asserts that we should consider the claim to be covered because the work of subcontractors is excepted out and given coverage in a different exclusion in the policy—that is, the exclusion for "Damage to Your Work." However, each exclusion to an insurance policy operates to delineate an area of risk that the insurer will not cover. An exception limiting the scope of a particular exclusion does not, therefore, work to modify all exclusions to an insurance contract. Furthermore, to the extent that an endorsement to an insurance contract conflicts with the rest of the contract, the endorsement, which modifies the contract of insurance, controls. *Waller v. Auto-Owners Ins. Co.*, 174 Or App 471, 476, 26 P3d 845 (2001).

erred in finding that there was no genuine issue of material fact and that the "products - completed operations" exclusion applied to preclude coverage as a matter of law.

■          Plaintiff, in its second assignment of error, argues that the trial court erred when it refused to consider extrinsic evidence relating to defendant's acceptance and payment of claims similar to the Jones claim to "create or explain an ambiguity" in the insurance contract. As we have concluded, the provision at issue in this case is unambiguous. Furthermore, as plaintiff acknowledges, we recently stated in *Andres*, 205 Or App at 424, that "the interpretation of insurance policies is a question of law, not one that is resolved by evidence extrinsic to the policy itself."[3] We reaffirmed this in *Tektronix*, holding that, "despite ordinary rules of contract interpretation, extrinsic evidence of the parties' intent is not a part of the interpretation of an insurance policy under Oregon law." 211 Or App at 505. As we explained above, in determining the meaning of an insurance contract, we follow the three-step process set forth by the Supreme Court in *Hoffman*. Extrinsic evidence does not enter into that process, either to create or explain any ambiguities in the policy. Accordingly, the trial court did not err in refusing to consider extrinsic evidence for that purpose.

■          Finally, plaintiff asserts that the trial court erred in ruling that the doctrine of waiver was inapplicable in this case as a matter of law. Plaintiff contends that it is entitled to assert that defendant waived its right to assert the exclusion at issue in this case and deny coverage.

> "A waiver, under Oregon law, is the 'intentional relinquishment of a known right.' *Guardian Management, LLC v. Zamiello*, 194 Or App 524, 529, 95 P3d 1139 (2004). It must be plain and unequivocal, either in its terms or by conduct, clearly indicating an intention to renounce a known privilege or power. *Id.* In order to make out a case of waiver, there must be a clear, unequivocal, and decisive act of the party showing such a purpose. *Id.*"

---

[3] In *Andres*, we observed that, in contrast to the "usual analytic sequence in contract interpretation cases[,]" the Supreme Court has directed that, rather than resort to extrinsic evidence in the case of an ambiguity in an insurance contract, "we are required to resort to a maxim of construction[.]" 205 Or App at 424.

*Johnson v. Swaim*, 209 Or App 341, 346, 147 P3d 374 (2006), *aff'd*, 343 Or 423, 172 P3d 645 (2007). Although generally a party to a contract may waive its provisions, *see Wright v. State Farm Mutual Automobile Ins. Co.*, 223 Or App 357, 368-69, 196 P3d 1000 (2008), the doctrine of waiver cannot apply to negate an exclusion in an insurance contract. *See id.* at 369 (an insurer cannot waive conditions of coverage); *Holman Erection Co. v. Employers Ins. of Wausau*, 142 Or App 224, 226 n 3, 920 P2d 1125, *rev den*, 324 Or 394 (1996) ("It is well established that waiver and estoppel cannot be invoked to create coverage or to negate an express exclusion in a policy of insurance."); *Farmer's Ins. Co. v. Munson*, 127 Or App 413, 418, 873 P2d 370, *rev den*, 320 Or 109 (1994) (exclusions, which "control whether there is insurance coverage in the first place," cannot be waived). Thus, plaintiff's argument on this point is not persuasive.

■　　In addition, as this court explained in *Day-Towne v. Progressive Halcyon Ins. Co.*, 214 Or App 372, 382, 164 P3d 1205 (2007), *rev den*, 346 Or 65 (2009), the doctrine of waiver does not apply in circumstances where a plaintiff seeks to expand the coverage of an insurance policy, because such an expansion would not be a relinquishment of an insurer's rights. We explained that

> "[t]he expansion of covered risks sought by plaintiff is not a relinquishment of any right of defendant. Plaintiff seeks a modification of defendant's contractual obligations to add to her rights, not to subtract a right of defendant. The square peg of that assertion does not fit into the round hole of the doctrine of waiver."

*Id.* The same reasoning applies in this case. Plaintiff, by its assertion of waiver, seeks to enlarge the coverage provided it by the insurance policy. This expansion of coverage would not work to deprive defendant of any right or privilege; rather, it would allow plaintiff additional rights it would not otherwise have under the insurance contract as written.[4] In light of both those considerations, we conclude that the trial court

---

[4] We also note that, like the plaintiff in *Day-Towne*, 214 Or App at 380, plaintiff here did not assert its claim of waiver in its complaint but included the claim only in the amended reply.

did not err in finding that, as a matter of law, waiver was inapplicable to this case.

Affirmed.