Argued and submitted January 30, 2020, reversed and remanded
September 15, 2021

Julie CALLAIS,
*Plaintiff-Appellant,*

*v.*

Jon S. HENRICKSEN II
and Brian Ivan,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV15963; A169692

P3d

Plaintiff appeals from a judgment denying her attorney fees in a personal-injury action against two defendants arising out of a three-car accident. Before filing suit, plaintiff sent separate $10,000 demands to each defendant. One defendant made an offer of $5,017.88, and the other defendant made a $4,983.60 prefiling settlement offer; neither settlement offer referenced the other defendant's offer. Plaintiff ended up filing an amended complaint against both defendants and ultimately the case settled, which resulted in a judgment that provided that plaintiff "shall have judgment against [defendants], jointly and severally" for $10,000 in damages. Plaintiff then sought attorney fees under ORS 20.080(1). The trial court denied plaintiff's request, concluding that the respective settlement offers could be aggregated. On appeal, plaintiff asserts that the trial court erred in aggregating each defendant's separate prefiling offers to settle the case into a single prefiling tender and then comparing that aggregated amount with the amount of damages plaintiff recovered. *Held*: When each defendant makes a separate settlement offer, independent of the other defendant, and when defendants are jointly and severally liable for the full amount of damages that are awarded to a plaintiff, those separate settlement offers are not aggregated for purposes of determining an award of reasonable attorney fees. Accordingly, the trial court erred in denying plaintiff's request for attorney fees.

Reversed and remanded.

David F. Rees, Judge.

Kevin E. Lucey argued the cause and filed the briefs for appellant.

Glenn Barger argued the cause for respondents. Also on the joint answering brief were Stacey B. Darling and Barger Law Group PC and Rachel A. Robinson and Lewis Brisbois Bisgaard & Smith LLP.

Before Powers, Presiding Judge, and Egan, Chief Judge, and James, Judge.*

POWERS, P. J.

Reversed and remanded.

_____
\* James, J., *vice* Linder, S. J.

**POWERS, P. J.**

Plaintiff appeals from a judgment denying her attorney fees in a personal-injury action against two defendants arising out of a three-car accident. The issue before us is whether the trial court erred in determining whether plaintiff was entitled to attorney fees under ORS 20.080(1), which provides for an award of reasonable attorney fees to a plaintiff in lower-value tort cases under specified circumstances. In denying plaintiff's request for attorney fees, the trial court aggregated each defendant's separate prefiling offers to settle the case into a single prefiling tender and then compared that aggregated amount with the amount of damages plaintiff recovered. We conclude that, when each defendant makes a separate settlement offer, independent of the other defendant, and when defendants are jointly and severally liable for the full amount of damages that are awarded to a plaintiff, those separate settlement offers are not aggregated for purposes of determining an award of reasonable attorney fees. Accordingly, the trial court erred in denying plaintiff's request; therefore, we reverse and remand.

While driving on SE McLoughlin Boulevard in Portland, plaintiff was injured after being rear-ended by defendant-Henricksen and then rear-ended a second time shortly thereafter by defendant-Ivan. Before filing suit, plaintiff sent separate, but identical, letters to the respective insurers for each defendant demanding $10,000. In response, Henricksen made a prefiling settlement offer of $5,017.88, and Ivan made a prefiling settlement offer of $4,983.60. Neither settlement offer referenced the other defendant's offer. Believing that Henricksen caused more damage, plaintiff initially filed suit against Henricksen's father for $10,000 in damages with the intention of accepting the settlement offer from Ivan. However, when plaintiff learned that Ivan's insurer had paid policy limits of $100,000 to Henricksen, plaintiff amended her complaint to add Ivan as a defendant to the suit. Plaintiff also added Henricksen as a defendant in the amended complaint, and Henricksen's father was dismissed from the case.

    In her amended complaint, plaintiff alleged that, as a result of both defendants' negligence, she suffered injuries and damages. Plaintiff prayed for an award of $10,000 in damages: $2,958 in economic damages and $7,042 in noneconomic damages. Before the case went to mandatory arbitration, defendants made a joint offer of judgment, which provided, in part:

> "Pursuant to ORCP 54 E, [defendants] hereby offer to allow judgment against them in the amount of $10,000 each, jointly and severally, inclusive of all noneconomic and economic damages, all medical expenses paid or unpaid, any and all liens of whatever kind or nature whether perfected or unperfected, subrogation claims, claims by medical creditors or health care insurance or payment providers or any workers' compensation providers."

Plaintiff accepted the offer of $10,000 and then sought an award of costs and attorney fees under ORS 20.080(1).[1]

    Defendants objected and argued that ORS 20.080(1) barred plaintiff's ability to recover attorney fees because defendants had tendered an amount before the lawsuit that exceeded plaintiff's recovery.[2] Specifically, defendants asserted that they collectively offered plaintiff $10,001.48 ($5,017.88 from Henricksen and $4,983.60 from Ivan), which

---

[1]  ORS 20.080(1) provides:

    "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $10,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant, and on the defendant's insurer, if known to the plaintiff, not less than 30 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 30 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 30 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

[2]  Defendants also argued that plaintiff did not comply with the requirements in ORS 20.080(3), because she did not include a copy of her medical records and bills, or a bill for the repair of her car, with her prelawsuit demand. Because neither party raises that deficiency on appeal, we do not address whether plaintiff's prelawsuit demand complied with the requirements outlined in ORS 20.080(3).

was greater than the $10,000 amount plaintiff ultimately recovered in damages. Because plaintiff could have recovered more by accepting the collective settlement offers, defendants argued that plaintiff unnecessarily filed the lawsuit and that the "attorney fees sought by plaintiff should never have been incurred."

In response, plaintiff argued that the two settlement offers should not be aggregated, because plaintiff sent each defendant separate demand letters and each defendant responded separately without referencing the other defendant. Further, plaintiff asserted that ORS 20.080 offers no support for defendants' contention that their prefiling offers should be "aggregated into a single pre-trial offer, to be compared against their joint offer of judgment." Plaintiff also argued that defendants' judgment offered "$10,000 each, jointly and severally"—*i.e.,* $20,000—and that $10,001.48 is less than $20,000. And, even if defendants' inclusion of the word "each" in the joint offer of judgment was a mistake, plaintiff asserted "it was a unilateral mistake not a mutual one."

After some back and forth between the court and the parties, the trial court agreed with defendants' position. The court first agreed that defendants' offer to allow judgment should be construed as an offer for $10,000 total, rather than $20,000. Second, the court agreed that the respective settlement offers could be, under the circumstances of this case, aggregated and declined to award plaintiff attorney fees:

> "I think my view is, the only reason the lawsuit was filed was to recover 10,000 and 10,000 was made available by— in the aggregate by the defendants beforehand, and that was the entirety of the prayer. So, uhm, I just don't think prosecution of the action was necessary."

The court, however, did grant plaintiff's motion for costs and awarded plaintiff $670.75, which included a prevailing party fee. Ultimately, the court entered a judgment for plaintiff and against defendants "jointly and severally, in the amount of $10,670.75." Plaintiff subsequently filed this appeal.

On appeal, the parties largely renew the arguments that they made to the trial court.[3] Plaintiff reasserts that ORS 20.080(1) has "no provision for an aggregation of multiple defendants' individual offers to be compared against the plaintiff's award." Arguing that the text of the statute refers to "the defendant" and that the plain language of the statute "indicates that a defendant's individual offer must be equal to or greater than the award to [a] plaintiff," plaintiff asserts that we should reverse the denial of attorney fees. Defendants remonstrate that "nothing in the statute itself prohibits the value of multiple defendants' offers from being aggregated and compared against the judgment for purposes of determining a plaintiff's entitlement to fees." Further, defendants assert that interpreting ORS 20.080 as plaintiff's argument suggests "would frustrate the legislative purpose of the statute," because it would "conflict with the goals of promoting settlement and discouraging inflation of claims." Alternatively, defendants argue that, if we were to conclude that the trial court erred in aggregating the prelawsuit offers and conclude that the offer to allow judgment should be construed as an offer of $10,000 "each," we should nevertheless affirm the denial of attorney fees because "the aggregated value of plaintiff's pre-suit demands"—that is, $20,000—"took the case out of the statute's purview."

We review an award of attorney fees under ORS 20.080 for errors of law. *Beers v. Jeson Enterprises*, 165 Or App 722, 724, 998 P2d 716 (2000). Our analysis of ORS 20.080(1) begins and ends with the text of the statute. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (outlining the statutory construction methodology). ORS 20.080(1) provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount

---

[3] Plaintiff's first assignment of error challenges the trial court's decision to aggregate defendants' separately conveyed prefiling tenders and her second assignment of error asserts that, even if the prefiling tenders can be aggregated, the trial court should have also aggregated the offers of judgment in determining whether she was entitled to attorney fees. Because we agree with plaintiff's first argument, we do not reach the merits of her second assignment of error.

pleaded is $10,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant, and on the defendant's insurer, if known to the plaintiff, not less than 30 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 30 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 30 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

As the Supreme Court explained in *Johnson v. Swaim*, 343 Or 423, 427-28, 172 P3d 645 (2007), there are four requirements for a plaintiff to be entitled to attorney fees under ORS 20.080: (1) the plaintiff must have filed an action in which the amount pleaded was $10,000 or less; (2) the plaintiff must have prevailed in that action; (3) the plaintiff must have made a written demand on the defendant for payment of such claim at least 30 days before filing the action; and (4) the judgment that the plaintiff obtains in the action must be greater than any prefiling settlement offer made by the defendant.[4] If a plaintiff satisfies those procedural requirements, then the court must award "a reasonable amount" of attorney fees to the plaintiff. *Powers v. Quigley*, 345 Or 432, 439, 198 P3d 919 (2008). Ultimately, the purpose of ORS 20.080 "is to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims." *Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999).

---

[4] At the time *Johnson* was decided, the statute required that the amount pleaded be $5,500 or less. 343 Or at 427. The court explained, "Over the years, among other amendments not material to our discussion here, the legislature repeatedly has amended the statute to increase the dollar amount of the claims that qualify under the statute." *Id.* at 428 n 1. The legislature also has increased the number of days a plaintiff has to file an action. Those amendments to ORS 20.080 do not affect our analysis or disposition in this case.

In this case, we conclude that plaintiff satisfied all four requirements. Although the parties' dispute centers around only the fourth requirement, we discuss each of the requirements in ORS 20.080 in turn. First, plaintiff filed an action where she pleaded "$10,000 or less." Although it is true that plaintiff sent both defendants letters demanding $10,000 from each of them, plaintiff ultimately filed an action in which the amount pleaded was only $10,000. Second, plaintiff prevailed in the action. Both defendants offered to allow judgment against them, plaintiff accepted, and the trial court entered a judgment for plaintiff. Third, plaintiff made a "written demand for the payment" within the appropriate timeframe. As noted, plaintiff made separate written demands to each defendant for the claims at issue.

Turning to the fourth and final factor, we conclude that the amount tendered by each defendant was less than the award of damages that plaintiff obtained. In this case, it is significant that each defendant made a separate settlement offer and that defendants are jointly and severally liable for the full amount of damages that were awarded to plaintiff. The judgment in this case provided that plaintiff "shall have judgment against [defendants], jointly and severally, in the amount of $10,670.75." Because the damage award is joint and severable, if one defendant cannot or does not pay plaintiff, the other defendant is liable for the entire amount and vice versa. Thus, properly viewed, because plaintiff can enforce the entire judgment against either defendant, the trial court should have compared the amount tendered by each defendant—$5,017.88 and $4,983.60, respectively—against the $10,000 in damages awarded to plaintiff. Because neither defendant offered more than plaintiff recovered, ORS 20.080(1) does not preclude the recovery of attorney fees. Accordingly, the trial court erred in denying plaintiff's request for attorney fees.

Reversed and remanded.